SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
Roxanne A. Markus (SBN 362400)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone: (909) 398-4404
Facsimile: (909) 398-1883
mskapik@skapiklaw.com, gskapik@skapiklaw.com
bberkley@skapiklaw.com, mfalkenstein@skapiklaw.com
rmarkus@skapiklaw.com

Attorneys for Plaintiffs,
S.M. by and through her guardian
ad litem ADRIANNE ROCA and
Z.M., by and through her guardian
ad litem ADRIANNE ROCA;
and NICOLE TORRES, an individual,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

S.M., a minor, by and through her Guardian ad litem, ADRIANNE ROCA; and Z.M., a minor, by and through her Guardian ad litem, ADRIANNE ROCA; and NICOLE TORRES, an individual,

Plaintiffs,

vs.

COUNTY OF RIVERSIDE; SCOTT JOHNSON, an individual; MATTHEW PLEMONS, an individual; MICHAEL LOUISE MARTIN, an individual; DOES 1 through 10, inclusive;

Defendants.

Case No. 5:23-cv-02052-JGB-SPx

*Assigned for All Purposes to:*
*Honorable Jesus Bernal*

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiffs S.M. and Z.M., minors, by and through their Guardian ad litem ADRIANNE ROCA, and NICOLE TORRES (collectively, "Plaintiffs"), and Defendants COUNTY OF RIVERSIDE, SCOTT

JOHNSON, and MATTHEW PLEMONS (collectively, "Defendants"), through their respective counsel of record, that to facilitate the exchange of information and documents that may be subject to confidentiality limitations under federal and state law and privacy rights, the Parties stipulate as follows:

**1. PURPOSES AND LIMITATIONS**

Discovery in this Action may involve production of confidential or private information warranting special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action. The Parties therefore stipulate to and petition the Court to enter this Stipulated Protective Order. This Order does not confer blanket protection on all disclosures or discovery responses; the protection it affords extends only to the limited information or items entitled to confidential treatment under applicable legal principles.

**2. GOOD CAUSE STATEMENT**

This Action arises out of the alleged abuse of minor Plaintiffs S.M. and Z.M. while they were dependents of the Riverside County Juvenile Court under the supervision of the County of Riverside's Department of Public Social Services – Children's Services Division ("DPSS-CSD"). Discovery may involve records subject to heightened confidentiality protections, including juvenile court case files and dependency records (Cal. Welf. & Inst. Code § 827; Cal. R. Ct. 5.552); child abuse and neglect reports and referrals (Cal. Pen. Code §§ 11167, 11167.5); DPSS-CSD case files, case plans, and social worker notes; medical, psychological, therapeutic, and educational records of the minor Plaintiffs and other minors; law enforcement investigative records; personnel records; internal investigative files; and non-public policies and procedures.

A protective order is justified to expedite the flow of information, facilitate prompt resolution of confidentiality disputes, protect material the Parties are entitled to keep confidential, and serve the ends of justice. Limiting disclosure of these records to this Action furthers important governmental and law enforcement interests, the strong statutory policy of confidentiality of juvenile records, and the privacy rights of the minor

Plaintiffs, Plaintiff NICOLE TORRES, the individual Defendants, and third parties, including other minors identified in the records. Such materials may be entitled to protection under *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); the Privacy Act of 1974, 5 U.S.C. § 552a; HIPAA; Cal. Welf. & Inst. Code §§ 827 and 10850; Cal. Pen. Code § 11167.5; the official information privilege; and other federal or state statutes, court rules, case decisions, or common law. Nothing in this Order relieves any Party of any obligation to obtain juvenile court authorization under Welfare & Institutions Code § 827 before disseminating juvenile case file materials, to the extent required.

The Parties shall not directly or indirectly disclose or publicly disseminate Confidential documents or information obtained in this Action, including via billboards, print or online media, or any internet or social media posting. A Party seeking to use Confidential material for any purpose other than litigating this Action must first obtain Court approval. No Party shall designate material as Confidential without a good faith belief that it has been maintained in a confidential, non-public manner and that there is good cause or a compelling reason to keep it out of the public record. Plaintiffs do not concede the grounds proposed by Defendants for this Order and do not waive the right to challenge any designation or withholding, but stipulate to this Order to increase the flow of information in this matter.

**3. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

This Order does not entitle the Parties to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures and standards governing sealing. There is a strong presumption of public access to judicial proceedings and records. For non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). A mere "CONFIDENTIAL" designation does not—without

competent evidence by declaration establishing that the material qualifies as confidential, privileged, or otherwise protectable—constitute good cause. For sealing related to a dispositive motion or trial, compelling reasons, supported by specific facts and legal justification, must be shown, and the relief sought must be narrowly tailored. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).

A document that is not protectable in its entirety will not be sealed if the confidential portions can be redacted; in that event a redacted public version shall be filed, and any application to seal a document in its entirety must explain why redaction is not feasible. Independently, the Parties shall comply with Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-1, including by referring to the minor Plaintiffs solely by their initials, S.M. and Z.M., in all public filings.

**4. DEFINITIONS**

4.1. Action: This lawsuit, *S.M., et al. v. County of Riverside, et al.*, Case No. 5:23-cv-02052-JGB-SP (C.D. Cal.).

4.2. Challenging Party: A Party or Non-Party that challenges a designation under this Order.

4.3. "CONFIDENTIAL" Information or Items: Information (however generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and the Good Cause Statement above.

4.4. Counsel: Outside Counsel of Record and House Counsel, and their support staff.

4.5. Designating Party: A Party or Non-Party that designates information or items it produces as "CONFIDENTIAL."

4.6. Disclosure or Discovery Material: All items or information, in any medium (including testimony, transcripts, and tangible things), produced or generated in disclosures or discovery responses.

4.7. Expert: A person with specialized knowledge or experience retained by a Party or its counsel as an expert witness or consultant in this Action.

4.8. House Counsel: Attorneys who are employees of a Party; House Counsel does not include Outside Counsel of Record or other outside counsel.

4.9. Non-Party: Any person or entity not named as a Party to this Action.

4.10. Outside Counsel of Record: Attorneys, not employees of a Party, who are retained to represent or advise a Party and have appeared in this Action for that Party or are affiliated with a law firm that has, including support staff.

4.11. Party: Any party to this Action, including its officers, directors, employees, consultants, agents, representatives, retained Experts, and Outside Counsel of Record (and their support staff).

4.12. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13. Professional Vendors: Persons or entities providing litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits, or managing data) and their employees and subcontractors.

4.14. Protected Material: Any Disclosure or Discovery Material designated "CONFIDENTIAL."

4.15. Receiving Party: A Party that receives Protected Material from a Producing Party.

**5. SCOPE**

The protections of this Order cover Protected Material and (1) any information copied or extracted from it; (2) all copies, excerpts, summaries, or compilations of it; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal it. Use of Protected Material at trial shall be governed by the orders of the trial judge; this Order does not govern use of Protected Material at trial.

**6. DURATION**

Protected Material introduced as evidence at trial becomes presumptively public unless compelling reasons supported by specific factual findings are shown to the trial judge in advance of trial. *See Kamakana*, 447 F.3d at 1180-81. The terms of this Order

therefore do not extend beyond the commencement of trial as to Protected Material introduced in evidence at trial. As to all other Protected Material, the confidentiality obligations of this Order survive final disposition of this Action until the Designating Party agrees otherwise in writing, the material is de-designated, or the Court orders otherwise. Final disposition is the later of (1) dismissal of all claims and defenses, with or without prejudice, or (2) final judgment after completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including all applicable filing deadlines.

**7. DESIGNATING PROTECTED MATERIAL**

**7.1. Exercise of Restraint and Care in Designating**

Each Designating Party must limit designations to specific material that qualifies under the appropriate standards, and must designate only those parts of documents, items, or communications that qualify, so unprotected portions are not swept within this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations shown to be clearly unjustified or made for an improper purpose (e.g., to encumber the case or impose unnecessary expense) may expose the Designating Party to sanctions. A Designating Party that learns designated material does not qualify for protection must promptly notify all other Parties that it withdraws the designation.

**7.2. Manner and Timing of Designations**

Except as otherwise provided herein or as otherwise stipulated or ordered, material that qualifies for protection must be clearly designated before it is disclosed or produced, as follows:

a. For documents (paper or electronic, excluding deposition and other proceeding transcripts), the Producing Party shall affix "CONFIDENTIAL" to each page containing Protected Material and, if only portions of a page qualify, shall clearly identify the protected portions (e.g., by margin markings). A Party or Non-Party making original documents available for inspection need not designate them until after the inspecting Party identifies the documents it wants copied and produced; during inspection, all

material made available is deemed "CONFIDENTIAL." Before producing the specified documents, the Producing Party shall mark them as set forth above.

b. For video or audio recordings, the Producing Party shall identify the recording as "CONFIDENTIAL" in the title/label of its electronic version.

c. For deposition testimony and photographs, video, audio, exhibits, and other documents used at deposition, the Designating Party shall identify the Protected Material on the record before the close of the deposition, and arrangements shall be made with the court reporter and videographer to separately package and appropriately label the designated portions.

d. For information or tangible items produced in other forms, the Producing Party shall affix "CONFIDENTIAL" prominently on the exterior of the container(s) and, where practicable, identify any protected portions. The "CONFIDENTIAL" stamp shall not obscure the information on the item.

**7.3. Inadvertent Failures to Designate**

If timely corrected, an inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely correction, the Receiving Party must make reasonable efforts to treat the material in accordance with this Order.

**8. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1. Timing. Any Party or Non-Party may challenge a designation at any time consistent with the Court's Scheduling Order.

8.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3. Joint Stipulation. Any challenge submitted to the Court shall be via joint stipulation pursuant to Local Rule 37-2.

8.4. Burden. The burden of persuasion is on the Designating Party. Frivolous challenges and those made for an improper purpose may expose the Challenging Party to sanctions. Unless the designation is waived or withdrawn, all Parties shall continue to afford the material the designated level of protection until the Court rules.

**9. ACCESS TO AND USE OF PROTECTED MATERIAL**

**9.1. Basic Principles**

A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this Action, and may disclose it only to the categories of persons and under the conditions described in this Order. Upon termination of the Action, the Receiving Party must comply with Section 15 (Final Disposition). Protected Material must be stored and maintained in a secure manner that limits access to persons authorized under this Order.

**9.2. Disclosure of "CONFIDENTIAL" Information or Items**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" material only to:

a. The Receiving Party's Outside Counsel of Record and their employees to whom disclosure is reasonably necessary for this Action;

b. The officers, directors, board members, council members, insurers (including third-party administrators), employees, agents, and representatives (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. Experts of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel;

e. Court reporters and their staff;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary and who have signed Exhibit A;

g. The author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

h. During their depositions, witnesses and their attorneys to whom disclosure is reasonably necessary, provided that (i) if the witness is a Non-Party, the deposing party requests that the witness and counsel sign Exhibit A, and (ii) witnesses may not keep

Confidential material unless they sign Exhibit A, absent agreement of the Designating Party or Court order. Deposition transcript pages, footage, and exhibits revealing Protected Material must be separately packaged by the court reporter and/or videographer and may not be disclosed except as permitted by this Order; and

i. Any mediator or settlement officer, and supporting personnel, mutually agreed upon by Parties engaged in settlement discussions.

**10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A Receiving Party served with a subpoena or court order in other litigation compelling disclosure of material designated "CONFIDENTIAL" in this Action must: (a) promptly notify the Designating Party in writing, enclosing the subpoena or order unless prohibited by law; (b) promptly notify in writing the person who caused the subpoena or order to issue that some or all of the covered material is subject to this Order, enclosing a copy of this Order; and (c) cooperate with all reasonable procedures pursued by the Designating Party. If the Designating Party timely seeks a protective order, the Receiving Party shall not produce the designated information before a determination by the court from which the subpoena or order issued, absent the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection in that court, and nothing herein authorizes a Receiving Party to disobey a lawful directive from another court.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a. This Order applies to information produced by a Non-Party in this Action and designated "CONFIDENTIAL," which is protected by the remedies and relief provided herein. Nothing herein prohibits a Non-Party from seeking additional protections.

b. If a Party is required by a valid discovery request to produce a Non-Party's confidential information in its possession that is subject to a confidentiality agreement with the Non-Party, the Party shall: (1) promptly notify the requesting Party and the Non-

Party in writing that some or all of the requested information is subject to such an agreement; (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the requested information available for inspection by the Non-Party, if requested.

c. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving such notice, the Receiving Party may produce the responsive information. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce the information before a determination by the Court. Absent a contrary Court order, the Non-Party bears the burden and expense of seeking protection in this Court.

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify the Designating Party in writing, (2) use its best efforts to retrieve all unauthorized copies, (3) inform the recipient(s) of the terms of this Order, and (4) request that the recipient(s) execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice that inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Party's obligations are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision does not modify any procedure established in an e-discovery order providing for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of privileged or work-product-protected material, they may incorporate that agreement in a stipulation and order submitted to the Court.

///

**14. MISCELLANEOUS**

14.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court.

14.2. Right to Assert Other Objections. No Party waives any right to object to disclosing or producing any information on any ground not addressed in this Order, or to object on any ground to the use in evidence of any material covered by this Order.

14.3. Filing Protected Material. A Party seeking to file Protected Material under seal must comply with Local Civil Rule 79-5 and any pertinent orders of District Judge Jesus G. Bernal and/or Magistrate Judge Sheri Pym. Protected Material may be filed under seal only pursuant to a court order authorizing sealing of the specific material at issue. If a request to seal is denied, the Receiving Party may file the information in the public record unless the Court instructs otherwise.

**15. FINAL DISPOSITION**

Within sixty (60) days of a written request by the Designating Party after final disposition of this Action (as defined in Section 6), each Receiving Party must return all Protected Material to the Producing Party or destroy it, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the Protected Material, and must submit a written certification by the 60-day deadline that (1) identifies (by category, where appropriate) all Protected Material returned or destroyed and (2) affirms that no copies in any form have been retained. Notwithstanding the foregoing, Counsel may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and attorney, consultant, and expert work product, even if such materials contain Protected Material; any such archival copies remain subject to this Order as set forth in Section 6.

**16. VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**SKAPIK LAW GROUP**

Dated: July 21, 2026,

By: */s/Eric C. Morris*
Mark J. Skapik
Geralyn L. Skapik
Eric C. Morris
Roxanne A. Markus
Attorneys for Plaintiffs

**MANNING & KASS**

Dated: July 21, 2026,

By: */s/Martin A. Mettias*
Eugene P. Ramirez
Joseph J. Maccarone
Martin A. Mettias
Attorneys for COUNTY OF RIVERSIDE and MATTHEW PLEMONS

**KJAR, McKENNA & STOCKALPER, LLP**

Dated: July 21, 2026,

By: */s/ Chaena Dade*
Patrick E. Stockalper
Chaena Dade
Attorneys for SCOTT JOHNSON

Pursuant to local 5-4.3.4, I, Eric C. Morris, attests that Martin A. Mettias and Chaena Dade concur with the contents of this Stipulation and Order and have authorized the filing of the same.

**SKAPIK LAW GROUP**

Dated: July 21, 2026,

By: */s/Eric C. Morris*
Mark J. Skapik
Geralyn L. Skapik
Eric C. Morris
Roxanne A. Markus
Attorneys for Plaintiffs

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: August 6, 2026

HON. JUDGE SHERI PYM

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________[print or type full name], of _________ _____________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ___________ [DATE] in the case of *S.M., et al. v. County of Riverside, et al.*, Case No. 5:23-cv-02052-JGB-SP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ______________[print or type full name] of ______________ __________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated
Protective Order.

Date: __________________________

City and State where sworn and signed: ___________________

Printed Name: ___________________

Signature: ______________________